

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WILLIAM O. HODGE, JR., *et al* | § | CASE NO: 08-36637 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| ZEB D. ZBRANEK, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-3043 |
| | § | |
| WILLIAM O. HODGE, JR., *et al* | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT
## (DOC #22)

      A complex web of claims and counterclaims have been asserted in a state court lawsuit and two adversary proceedings in the bankruptcy court. Those claims involve alleged breaches of contract, trust and lien claims, complex issues of what constituted property of the estate, the effect of a state-court pre-judgment attachment of funds, and allegations that debts arising from Debtors' alleged misconduct are nondischargeable in bankruptcy. This Bankruptcy Court granted relief from the stay to allow adjudication of all issues except whether Plaintiff's claims were non-dischargeable under § 523. In its motion for summary judgment, Plaintiff asserts that a state-court finding of fraud, embezzlement, and other alleged misconduct precludes trial of those issues by this Court. The motion for summary judgment is denied because the state court finding is (i) an interlocutory order, and (ii) violates the Bankruptcy Code § 362 stay if it indeed adjudicated claims under Bankruptcy Code § 523.

### I.    UNDISPUTED FACTS

      William Hodge and Kaye Hodge ("Debtors" or "Defendants") owned and operated a business that specialized in the design and construction of custom built log homes. In 2006, Defendants entered into a contract with Zeb Zebranek and Angela Zebranek ("Zebraneks" or "Plaintiffs") in which Debtors agreed to build a custom home for the Zebraneks (the "Contract").

### II.    PROCEDURAL BACKGROUND

      On August 1, 2008, the Zebraneks filed suit in Texas state court (the "State Court Action"), alleging that Defendants breached the Contract. Plaintiffs also allege that Defendants breached their fiduciary duties to the Plaintiffs, converted and embezzled construction trust funds, and committed acts of fraud and defalcation. By counterclaim, Debtors alleged breach of

contract and fraud. The state court issued a pre-judgment writ of attachment against Debtors, capturing funds on deposit under Debtors' individual names and under Debtors' d/b/a's. The captured funds were deposited in the state court.

On October 16, 2008, Debtors filed a voluntary petition commencing this case under chapter 7 of the Bankruptcy Code. On January 15, 2009, the Zebraneks initiated this adversary proceeding ("Zebranek's Adversary Proceeding") asking the Court to rule that the funds paid to Debtors under the Contract are trust funds that were misapplied by Debtors, that Debtors' actions related to the contract constituted fraud and embezzlement, that Debtors are indebted to Plaintiffs for breach of contract, that Defendants obligation to the Zebraneks should be excepted from discharge under authority of Bankruptcy Code §§ . 523(a)(2), (4) and (6) and that the Zebraneks are entitled to a lien on the funds seized under the state court attachment.

To complicate matters even more, while the house was being built and before this bankruptcy, the Zebranek's partially constructed log home was damaged by hurricanes Gustav and Edouard. Insurance proceeds were paid post-bankruptcy to the chapter 7 bankruptcy Trustee. The Zebraneks made a claim against the Trustee for those funds. The Trustee filed an adversary proceeding ("Trustee's Adversary Proceeding")[1] against the Zebraneks seeking a determination that the insurance proceeds were property of the estate, free of any claim by the Zebraneks.

The Trustee also took the position in other proceedings before the bankruptcy court that the attached funds in the State Court Action (funds held in the registry of the Liberty County state court) constituted property of the estate. The Trustee did not remove the State Court Action; it remained in State Court. Out of respect for the State Court, to avoid any conflict with the State Court over funds in its registry, and because the matter had already been pending in State Court for some time, this Court felt it was appropriate to abstain from issues that were not exclusive bankruptcy issues and to defer to a State Court determination of property and contract issues. This Court directed the Trustee to take appropriate steps to assert his claims in the State Court Action if the Trustee intended to assert a claim to funds in the registry of that Court or to assert the Debtor's counterclaim against the Zebraneks. The Court also recognized that it would be more efficient for the State Court to liquidate any claims between Debtors and the Zebraneks since the facts would be virtually coextensive with the facts related to claims between the Zebraneks and the Trustee.

To facilitate that adjudication, in response to the Zebraneks motion to lift the stay to allow the State Court action to proceed, on February 24, 2009, this Court entered an order partially lifting the automatic stay (docket #50 in Case No. 08-36637). Debtors' counsel objected, arguing that this Court should not abdicate its exclusive jurisdiction to determine § 523 dischargeability issues. This Court agreed. Therefore, the February 24 order lifted the stay to allow the State Court Action, to proceed to judgment "but only to the extent necessary for the parties to liquidate the breach of contract claims against Debtors and the counter-claims that were property of the Debtor and/or property of the bankruptcy estate." (docket #50). The Court further ordered that:

---

[1] Adversary proceeding 09-3109.

1. The State Court determination will have no preclusive effect with respect to any issue under 11 U.S.C. 523, except that any judgment against the Debtors shall be determinative of the existence and quantum of the judgment creditors' breach of contract claims against Debtors and of the validity and quantum of the claims against the bankruptcy estate.

2. The stay is not lifted to permit adjudication of any issue related to determination of the bankruptcy estate's property rights, adjudication of equitable or constructive lien rights with respect to property of the estate, adjudication of claims that property constitutes property of the estate under Bankruptcy Code § 541, or adjudication of claims for recovery of property by the Trustee as preferential transfers or fraudulent conveyances or otherwise under Chapter 5 of the Bankruptcy Code. Any litigation of any such issues, any attempt to take possession of property of the estate or property from the estate, and any attempt to exercise control over property of the estate will be a violation § 362 of the Bankruptcy Code.

3. The automatic stay is not lifted as to any execution, other form of enforcement, or attempt to enforce any judgment obtained in the State Court Action as to Debtors, as to property of the Debtors, or as to property of the bankruptcy estate…

On July 5, 2009, the Trustee and the Zebraneks engaged in mediation and resolved their dispute. Debtors did not participate in the mediation or in the settlement. The terms of the settlement significant to this decision are: (a) the Trustee would retain $10,682.98 from the insurance proceeds and pay the balance to the Zebraneks, (b) the Trustee would assign to the Zebraneks all rights of the estate related to the State Court Action (including all estate claims to funds in the registry of the State Court), (c) the automatic stay would lift to allow the State Court action to proceed "without limitation", and (d) the Zebraneks reserved all claims under § 523 in the bankruptcy case, but make no mention of preclusive adjudication of those issues in the State Court.[2] This Court believes that the most fair reading of the mediated settlement agreement is that claims to the funds in the registry of the Court and liquidation of claims between the Zebraneks and Debtors will take place in the State Court, with adjudication of dischargeability issues reserved to the bankruptcy case and the bankruptcy court. That was the intention of the February 24 partial lift of the automatic stay.

To implement the agreement reached at mediation, on June 18, 2009, the Trustee filed a motion (docket # 78) to approve the compromise and a motion (docket # 79) to further modify the automatic stay. The certificate of service for the motion to compromise controversy states that the motion and related documents were served on Debtors and on Debtors' counsel on June 19, 2009. The certificate of service for the motion to extend the automatic stay states that the motion and related documents were served on Debtors' counsel.[3] Debtors did not file an objection to the motions or a request for hearing.

---

[2] *See also* paragraph 8 of the mediated settlement agreement, which is attached to docket # 78 in the bankruptcy case docket.

[3] The Court does not know why the motion to extend the stay was not served on Debtors. The Court also notes that both certificates of service are deficient in that they do not satisfy local rule 9013(d) and (f).

On July 24, 2009, this Court granted both motions. Specifically, the Court further granted relief from the automatic stay (in the form of order presented by the Trustee and the Zebraneks) to allow the State Court Action to "proceed to trial and judgment with regard to all claims by all parties. Further, the state court may fully adjudicate all the parties rights and claims to any funds on deposit in the state court registry and may order that any judgment entered can be enforced…" against property that is not property of the estate. (Bankruptcy Case No. 08-36637, docket # 86).

With respect to the extension of relief from the automatic stay, the order does not, on its face, vary the limitation of the February 24 order that specifically excluded any adjudication that would preclude the bankruptcy court from determining whether the requirements of Bankruptcy Code § 523 had been proved. On its face, the order appears to relate to paragraphs 2 and 3 as they are summarized above. That is, they allow a determination of entitlement to the funds in the registry of the state court and to liquidation of claims against the Hodges. The Court has been able to find no indication that the Trustee or the Zebraneks informed the Court that the extension of relief from the stay was intended to allow the state court to adjudicate unique bankruptcy issues.[4] Presenting an order that might be read to imply such far-reaching consequences without informing the Court of the intention to obtain such relief contrary to a prior court order could be viewed as a violation of the duty of candor to the tribunal.[5] It is this Court's recollection after review of the pleadings and after review of the recorded proceedings that the second order for relief from the stay was intended to grant relief for (i) a complete liquidation of claims and counterclaims between the Zebraneks and Debtors (with the Trustee abandoning any interest in the Debtors' counterclaims against the Zebraneks), (ii) adjudication of the Zebranek's claims to the insurance proceeds abandoned by the Trustee, and (iii) a liquidation of entitlement to funds held in the registry of the State Court.

The Zebraneks then filed a motion for summary judgment in the State Court Action. On November 18, 2009, the State Court granted partial summary judgment in favor of the Zebraneks. The State Court found that as a matter of law, the Hodges breached the Contract, breached their fiduciary duties to the Zebraneks, committed fraud, embezzlement, larceny and theft. The State Court also found that "as a matter of law a constructive trust is established on all funds fraudulently charged to and paid by the plaintiffs and paid directly" on the Defendants' 1967 Camaro and the Defendants' home at 6431 Gardensprings Brook Lane. *Id*.

On November 20, 2009, the Zebraneks filed the instant motion for summary judgment (docket #22). The Zebraneks assert that the state court finding of fraud, *etc*. is preclusive on § 523 (denial of dischargeability of debt) issues.

The State Court Action is set for a jury trial on January 19, 2010 for the determination of damages sustained by the Zebraneks.

---

[4] Adjudication of dischargeability of debts under Bankruptcy Code § 523(a)(2), (4) and (6) is within the exclusive jurisdiction of the bankruptcy court, *see* 4 COLLIER ON BANKRUPTCY ¶ 523.03.

[5] *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03.

### III.    JURISDICTION

This Court has jurisdiction of this matter under 28 U.S.C. § 1334.  This is a core matter under 28 U.S.C. § 157(b)(I).  Venue is proper under 28 U.S.C. § 1409.

### IV.    SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[6]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).  A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F. 393, 405 (5th Cir. 2003).  The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

---

[6] Rule 56 was amended, effective December 1, 2007.  Although most changes were stylistic, the changes to Rule 56(c) were substantive.  Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met.  Effective December 1, 2007, the word "shall" was changed to "should". The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "even when a motion for summary judgment is properly made and supported, it need not be granted . . . [s]uch a motion may be granted - indeed, it should be granted - but it does not have to be granted."  Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00 in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelrs Indem. Co.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## V.   THE MOTION FOR SUMMARY JUDGMENT AND REPONSE

On November 20, 2009, the Plaintiffs filed the instant motion for summary judgment (docket #22). The Plaintiffs argue that because the State Court specifically found that the Hodges breached their fiduciary duty to the Zebraneks and committed fraud, embezzlement, larceny and theft, these findings constitute exceptions to discharge under 11. U.S.C. § 523(a)(2),(4) and (6) of the Bankruptcy Code. The motion further argues that because the ruling was rendered by a Texas State Court, this Court must apply the "Texas rules of preclusion," as set forth in by 28 U.S.C. § 1738 (full faith and credit statute) and collateral estoppel as applied in *Garner v. Lehrer (In re Garner)*, 56 F.3d 677 at 679 (5th Cir. 1995). Additionally, the Plaintiffs argue that summary judgment is proper because this Court modified the stay in docket #86 to allow a judgment to be entered and enforced against property that is not property of the estate (docket # 22).

In their response (docket #25), Defendants fail to address the Plaintiff's core arguments, namely the "Texas rules of preclusion" and "collateral estoppel." Instead, Defendants simply object that (1) the Plaintiffs have not provided any proof of fraud, and (2) the Plaintiffs failed to produce the State Court judgment, but instead attached an amended complaint as evidence of fraud.

As an initial matter, this Court finds that Defendant's second objection is without merit. The State Court judgment is attached to the Plaintiff's motion for summary judgment, and is clearly marked exhibit "A". (*See* docket # 22-7). The fact that this exhibit is not the first numerical exhibit attached to the motion for summary judgment is not a determinative factor as alleged by the Defendants. Therefore, in its analysis, the Court will only consider the Defendants' objection that the Plaintiffs have failed to produce any proof of the necessary elements of fraud under 11 U.S.C. § 523(a)(2),(4) and (6) and thus a genuine issue material fact remains for trial.

But the Court denies the motion for summary judgment for two reasons. First, the State Court judgment is not a final judgment. Second, the expansion of relief from the stay did not modify the provision of the February 24 order that specifically excluded that result.

### VI.   DISCUSSION AND ANALYSIS

*a. Rules of Preclusion*

The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the full faith and credit statute. *In re Davenport,* 353 B.R. 150, 191 (Bkrtcy. S.D.Tex. 2006). State judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. This statute "commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (citing *Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 481-82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)); *accord Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996); *In re Gober,* 100 F.3d 1195, 1201 (5th Cir.1996) (discussing preclusive effect of state judgment in bankruptcy proceedings). Consequently, since the Judgment was rendered by a Texas state court, this Court must apply Texas law in determining the preclusive effect of the Judgment. *In re Miller,* 156 F.3d 598, 601-02 (5th Cir.1998); *In re Hayden,* 248 B.R. 519, 523 (Bankr.N.D.Tex.2000).

The United States Supreme Court has held that collateral estoppel may apply in § 523 discharge exception proceedings, akin to the instant case. *Grogan v. Garner*, 498 U.S. 279, 284, n. 11, 111 S.Ct. 654 (1991). Nevertheless, any essential facts required to determine dischargeability "that have not been actually and necessarily litigated or that are not discernible from the record, must also be determined by it [the bankruptcy court] after hearing all relevant evidence. *In re Davenport,* 353 B.R. at 193, citing *In re Shuler,* 722 F.2d at 1256, (citing *Franks v. Thomason,* 4 B.R. at 814, 820-21 (N.D.Ga.1980)); *see also In re Poston,* 735 F.2d 866, 869 (5th Cir.1984) (bankruptcy court properly found that the record did not contain sufficient facts to support the conclusory recitals in the state court judgment).

But only final judgments on the merits are entitled to preclusive effect. *In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996). "Application of collateral estoppel requires that there be a final judgment on the merits; interlocutory orders are not entitled to preclusive effect." *Id.*

*b. The Order for Partial Summary Judgment is Not a Final Order*

In the instant adversary proceeding, the Order for Partial Summary Judgment on which the Plaintiffs rely for preclusive effect is an interlocutory order, not a final judgment. A partial summary judgment that is interlocutory and non-appealable is not final and cannot support a plea of preclusion. *Duffy McGovern Accommodation Serv. v. QCI Marine Offshore, Inc.*, 448 F. 3d 825, 828 (5th Cir. 2006), and *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991). *See also Avondale Shipyards, Inc. v. Insure Lloyds*, 786, F.2d 1265, 1272 (declining to depart from the previously stated rule that an order granting partial summary judgment "has no res judicata or collateral estoppel effect.")

As stated by Plaintiffs in their motion, trial of the remaining issues in the State Court litigation is set for January 19, 2010. The Order for Partial Summary Judgment makes several determinations and findings, but the case remains within the plenary power of the State Court for final adjudication.

*c. Neither Order Granting Relief from the Automatic Stay Divested This Court of Exclusive Jurisdiction over § 523(a)(2), (4), and (6) Issues; the State Court Judgment, if it Adjudicates § 523(a)(2), (4), or (6)I€issues Violated the Automatic Stay And is Void*

In granting the first order for relief from the stay, the issue of § 523 issue preclusion was specifically raised, and the Court specifically excluded any proceedings that would have that consequence. The Court ordered the Trustee to take appropriate steps to prosecute his claim in the court (the State Court) that had possession of the funds at issue.

In granting the extension of the automatic stay, the Court was focused on implementing the settlement between the Trustee and the Zebraneks. The parties did not inform the Court of any intention to vacate the limitation against any proceeding that would eviscerate this Court's exclusive jurisdiction. To the extent that the Zebraneks have intentionally violated that order, they may have violated the § 362 stay. Among other consequences, a violation of the § 362 stay is void.

VII.   CONCLUSION

For the reasons set forth above Plaintiffs motion for summary judgment (docket # 22) is DENIED. To assure that the State Court Action does not proceed to final judgment on issues that were excluded from the § 362 relief, the Court has this date issued a clarification of the second order granting relief from the stay.

SIGNED 01/12/2010.

_____
Wesley W. Steen
United States Bankruptcy Judge